# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201500375

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### MARK A. LEVRIE
Gunnery Sergeant (E-7), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel E.A. Harvey, USMC.
Convening Authority: Commander, Marine Corps Base, Quantico, VA.
Staff Judge Advocate's Recommendation: Major Michael J. Eby, USMC.
For Appellant: Major John J. Stephens, USMC; Captain Daniel R. Douglass, USMC.
For Appellee: Lieutenant Commander Catheryne E. Pulley, JAGC, USN; Major Tracey L. Holtshirley, USMC.

———————————

Decided 17 March 2017

———————————

Before PALMER, MARKS, and MILLER, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of wrongful membership in a criminal gang; ten specifications of drug offenses which included wrongful possession of

Chief Judge Palmer participated in the decision of this case prior to detaching from the court.

methamphetamine with intent to distribute and wrongful use of methamphetamine, cocaine, and marijuana; and aiding and abetting an assault consummated by a battery in violation of Articles 92, 112a, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a, and 928. The convening authority (CA) approved the adjudged sentence of confinement for one year and a bad-conduct discharge.

In a single assignment of error, the appellant asserts that the sentence imposed was inappropriately severe.

On 12 July 2016, this court set aside the CA's action and returned the record of trial to the Judge Advocate General for remand to an appropriate CA for new post-trial processing. *United States v. Levrie*, No. 201500375, unpublished op., 2016 CCA LEXIS 401 (N-M. Ct. Crim. App. 12 Jul 2016) (per curiam). A corrected staff judge advocate's recommendation dated 25 August 2016 properly advised the CA of his Article 60, UCMJ, authority. On 20 October 2016, the CA again took action on this case, and approved the adjudged sentence. We now address the remaining assignment of error.

## I. BACKGROUND

The appellant enlisted in the Marine Corps in 1998. He deployed to Kosovo and Afghanistan in 2002. He was subsequently assigned to 1st Battalion, 6th Marine Regiment and was deployed to Ramadi, Iraq in 2006. The appellant deployed to Afghanistan in 2008 with the 24th Marine Expeditionary Unit (MEU). During his deployments, the appellant saw significant combat action and witnessed the death and injury of civilians, enemy combatants, and fellow Marines.

As a result of his 2006 and 2008 deployments, he was diagnosed with Post-Traumatic Stress Disorder (PTSD) and Traumatic Brain Injury (TBI) and was transferred to the Wounded Warrior Battalion-West. In July 2014, the Veteran's Administration rated the appellant 100% disabled, and he was in the process of being medically retired from the Marine Corps.

Around August 2013, the appellant became actively involved in a criminal motorcycle gang called the "Devils Diciples [sic] Motorcycle Club". Despite knowing that he was prohibited by Department of Defense regulations from joining this motorcycle gang, the appellant still became a member, participated in gang activities, and wore gang colors. As a member of the Devils Diciples, the appellant committed numerous serious crimes including the use, possession, and distribution of methamphetamine, cocaine, and marijuana, and a violent assault against a fellow Marine. Specifically, the appellant admitted to aiding and abetting an assault wherein a fellow Marine was punched and kicked about the face and body.

## II. DISCUSSION

Article 66(c), UCMJ, requires us to independently review the sentence in each case within our jurisdiction and to approve only that part of the sentence we find should be approved. *United States v. Baier,* 60 M.J. 382, 384-85 (C.A.A.F. 2005). We are required to analyze the record as a whole to ensure that justice is done and that the appellant receives the punishment he deserves. *United States v. Healy,* 26 M.J. 394, 395 (C.M.A. 1988). In making this assessment, we consider the nature and seriousness of the offenses as well as the character of the offender, keeping in mind that courts of criminal appeals are tasked with determining sentence appropriateness as opposed to bestowing clemency, which is the prerogative of the CA. *Id.* at 396.

The appellant's record, including his exemplary service during combat deployments, and his resulting TBI and PTSD are all factors we must carefully consider when attempting to determine whether a sentence is appropriate. We balance those factors against the severity of the offenses for which he was convicted to make our determination of sentence appropriateness.

The record establishes that the appellant served in two war zones with valor and distinction and returned with physical and mental injuries which continue to impact his life. Prior to his court-martial, the appellant was diagnosed with TBI and PTSD, rendering him eligible for medical retirement with a 100% disability rating.

Conversely, we note the appellant pled guilty to a myriad of serious criminal offenses, which included seeking, over a period of several months, to entice others to use dangerous drugs and aiding and abetting the severe beating of a fellow gunnery sergeant by members of his outlawed gang. The appellant's criminal conduct is easily distinguished from the criminal conduct in the cases he cites as precedent to disapprove the bad-conduct discharge.[1]

Contrary to the appellant's claim, we do not consider this protracted period of criminal activity involving use and possession of illicit drugs with intent to distribute them, assault consummated by a battery, and active participation in a criminal motorcycle gang to be non-violent and relatively

---

[1] Although the appellant cites to two cases wherein we set aside an adjudged punitive discharge, in both, those PTSD and TBI-diagnosed Marines (a private and a corporal) engaged only in self-destructive criminal behaviors (e.g., use of illegal drugs and unauthorized absence), which caused physical harm to no one but themselves. *See United States v. Smith*, No. 200900239, 2009 CCA LEXIS 558, unpublished op. (N-M. Ct. Crim. App. 17 Dec 2009) (per curiam); *United States v. Gober*, No. 201100632, 2012 CCA LEXIS 759, unpublished op. (N-M Ct. Crim. App. 29 Mar 2012) (per curiam).

minor. We do not find a sentence including a bad-conduct discharge inappropriately severe, even in light of the collateral consequences of a punitive discharge. Furthermore, disapproving a punitive discharge in order to circumvent those consequences would be an act of clemency, which is properly a decision for the CA, not this court.

In addition, the military judge, having considered the appellant's combat deployments and mental and physical injuries, explained the effect of the appellant's mitigation evidence on her adjudged sentence:

> Just for clarity on the record, I want to make it clear that that sentence was based in large part upon the mitigation presented by the defense in this case. Certainly, all consideration was given to your combat record and your record of good service prior to what's occurred during this current enlistment.[2]

Finally, we note that the appellant's approved sentence was considerably less than the maximum possible punishment of confinement for 112 years and 6 months, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge.

It is clear that the appellant received fair and balanced consideration as to an appropriate sentence based on all the evidence available. We conclude that, based on the entire record, justice was served and the appellant received the punishment he deserved.

### III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court



---

[2] Record at 244.